IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00619-PAB-CBS

CAMRANGER, LLC, a Wyoming Limited Liability Company,

    Plaintiff,

v.

KATHY A. BELSER, n/k/a Kathy A. Murray, an individual,

    Defendant.

---

## ORDER

---

This matter is before the Court on plaintiff CamRanger's Motion for Default Judgment [Docket No. 34].

## I.  PROCEDURAL BACKGROUND

Plaintiff filed suit against defendant on March 31, 2015.  Docket No. 2.  Plaintiff served the amended complaint on defendant on July 19, 2015.  Docket No. 19.  On August 28, 2015, after defendant failed to file a response, plaintiff filed a motion for entry of default [Docket No. 25].  The clerk entered default on August 31, 2015.  Docket No. 26.

On September 22, 2015, plaintiff filed this motion for default judgment for damages in the amount of $91,217.25, plus attorney's fees in the amount of $5,275.00.  Docket No. 34.  Plaintiff's damages request includes a treble damages award pursuant to Colo. Rev. Stat. § 18-4-405.

## II. ANALYSIS

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55.  First, it must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).  *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "'committed to the district court's sound discretion.'"  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation marks and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Id*.  It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights."  *Id*. at 733.  When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Seme v. E & H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

On August 28, 2015, plaintiff filed his Notice and Application for Entry of Default Against Defendant Kathy Belser pursuant to Rule 55(a).  Docket No. 25.  Default was entered against defendant on August 31, 2015.  Docket No. 26.  Plaintiff filed the

necessary motion for default judgment on September 22, 2015.  Docket No. 34.  Thus,

plaintiff has followed the two-step process of Rule 55 necessary for default judgment.

Plaintiff alleges that, due to payee error, funds from three of its customers'

payments were mistakenly transferred electronically to defendant, who intentionally

misappropriated them.  Docket No. 13 at 2-3, ¶¶ 9-14.  Plaintiff alleges that these

transfers amount to $30,405.75.  *See id.* at 2, ¶ 9.  The Rights in Stolen Property

statute provides that the owner of property taken by theft, robbery or burglary may sue

the taker and recover treble damages, fees, and costs:

> All property obtained by theft, robbery, or burglary shall be restored to the owner
> . . . [who] may maintain an action . . . against the taker thereof. . . . In any such
> action, the owner may recover two hundred dollars or three times the amount of
> the actual damages sustained by him, whichever is greater, and may also
> recover the costs of the action and reasonable attorney fees.

Colo. Rev. Stat. § 18-4-405.  Recovery of treble damages under this statute is not

predicated upon proof of a criminal conviction, but only upon proof of a specified

criminal act.  *Itin v. Ungar*, 17 P.3d 129, 134 (Colo. 2000).  When plaintiff's actual loss

of $30,405.75 is trebled, it amounts to $91,217.25.

In support of its request for attorney's fees, plaintiff attaches the billing records of

Moritz Law, LLC.  The records reflect 8.4 hours billed at a rate of $275.00 for attorney

"JAM."  However, there is no explanation for who JAM is.  The only attorney who

entered his appearance in this case is Joseph Novak, who is mentioned as a "contract

attorney."  Mr. Novak's time amounts to 13.5 hours or $2700.  While $200 per hour

appears to be a reasonable hourly rate for handling the litigation, no breakdown of Mr.

Novak's time is included.  Local Rule 54.3(b) requires that a motion for attorney's fees

shall include the following for each person for whom fees are claimed: (1) a summary of

3

the relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.  D.C.COLO.LCivR 54.3.  The affidavits attached to plaintiff's motion do not explain JAM's qualifications and experience and do not contain "detailed descriptions of the services rendered" for Mr. Novak.  The affidavits fail to describe what the $595.00 in costs consists of, and the Court sees no reference to costs in the attached client ledger. *See* Docket No. 34-4.  Thus, plaintiff's requests for attorney's fees and costs, being unsupported, is denied.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Default Judgment [Docket No. 34] is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that judgment shall enter in favor of plaintiff CamRanger, LLC and against defendant Kathy A. Belser for actual damages of $30,405.75, trebled to a total amount of $91,217.25.  It is further

**ORDERED** that this case is closed.


DATED December 2, 2015.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

4